IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Willie Donnell Burrell, a/k/a "Destroya," ) ) ) Petitioner, ) ) v. ) ) United States of America, ) ) Respondent. ) ) | Criminal Action No.: 4:07-cr-00803-RBH-2 Civil Action No.: 4:11-cv-70044-RBH **ORDER** |

This matter is before the Court after Petitioner Willie Donnell Burrell, a federal prisoner proceeding *pro se*, filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Respondent, the United States of America, filed a motion to dismiss Petitioner's motion to vacate.

**Factual Background and Procedural History**

On June 26, 2007, a federal grand jury indicted Petitioner on charges of conspiracy to distribute cocaine and cocaine base and possession of crack cocaine with intent to distribute. Represented by Ray Coit Yarborough Jr., Petitioner entered a plea of not guilty at his arraignment on July 10, 2007; however, he withdrew his plea of not guilty and, pursuant to a plea agreement, pleaded guilty to the former count on February 28, 2008.

In September 2008, the Court sentenced Petitioner to ninety-seven months' imprisonment—below the statutory minimum sentence of ten years. Upon a motion by Respondent, he received a three-point downward departure for his substantial assistance. He did not seek appellate review of his sentence. Additionally, after the sentencing guidelines relating to cocaine base offenses were

modified, Petitioner successfully moved for a reduction of his sentence. The Court resentenced Petitioner to seventy-eight months' imprisonment on November 18, 2011.

Petitioner filed this § 2255 motion on February 28, 2011, prior to his motion for a modification. He states the following as the ground for his motion to vacate: "Ineffective assistance of counsel based on the fact that counsel failed to argue a critical point that would have resulted in the reduction of Petitioner's sentence." Mot. to Vacate 4, ECF No. 492. Petitioner argues that his counsel was ineffective for failing to challenge a two-point enhancement at the sentencing hearing, although a motion and memorandum had been previously filed with the Court. Now, asking the Court to grant a two-point reduction,[1] he contends his untimeliness is justified because he was unaware the memorandum existed until December 2010 and "was unable to address this issue until now."

Respondent moved to dismiss Petitioner's motion on the basis that it was untimely. Specifically, Respondent argues that § 2255's one-year statute of limitations began to run when the period to pursue appellate review expired in October 2008. Furthermore, it contends Petitioner's late discovery of the memorandum does not justify an extension of the limitations period under 28 U.S.C. § 2255(f)(4). Mem. in Supp. of Mot. to Dismiss, ECF No. 497-1.

**Applicable Law and Discussion**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the Court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the Court was without jurisdiction to impose such

---

[1] Petitioner seeks a sentence of seventy-eight months' imprisonment, which, coincidentally, is the sentence he received after the modification pursuant to the change in the sentencing guidelines. However, because Petitioner challenges the two-point reckless endangerment enhancement, the Court finds his petition is not moot.

2

a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). A hearing on the motion is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson,* 238 F. App'x 954, 955 (4th Cir. 2007) (citing *United States v. Magini*, 973 F.2d 261, 264 (4th Cir. 1992); *Raines v. United States*, 423 F.2d 526, 530 (4th Cir. 1970)).

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended § 2255 and imposed a one-year statute of limitations period for the filing of any motion under the section. 28 U.S.C. § 2255(f). Accordingly, the one-year period of limitation begins to run at the latest of the following four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* AEDPA's limitation period, however, is subject to equitable tolling in rare circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). A petitioner must adequately show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (internal quotation marks omitted).

Here, Petitioner argues his counsel was ineffective for failing to object at his sentencing hearing to a two-point enhancement for reckless endangerment.[2] He seeks a reduction of his sentence. The Court, however, is barred from granting the relief he seeks because he filed his motion outside of AEDPA's limitation period.

In his response to Respondent's motion to dismiss, he contends the limitation period is equitably tolled because he was unaware that a motion had been filed by his counsel on the issue.[3] According to Petitioner, the statute of limitations began to run in December 2010, when he "became aware of the existence of" the motion and memorandum filed by his counsel.[4] Pet'r's Resp. 2, ECF No. 500.

---

[2] The Court ultimately finds Petitioner's motion fails on procedural grounds; however, Petitioner's ineffective assistance of counsel claim also lacks merit. His claim is based on the fact his counsel never challenged the enhancement (or argued for a variance) at the sentencing hearing. The Court's docket, however, reveals that the motion for a variance was denied at Petitioner's sentencing. ECF No. 335. The reckless endangerment enhancement was addressed in Petitioner's pre-sentence investigation report ("PSR"), which was adopted, without changes, by the Court. ECF Nos. 358 & 368 (both documents are sealed). The Court also notes Respondent's following argument, made in a footnote in its brief:

> Because the reckless endangerment enhancement was included in the revised PSR, [Petitioner cannot] now claim that he was unaware that the enhancement might be applied to his guideline calculation. Additionally, [Petitioner] would be hard-pressed to argue that the district court erred in applying the enhancement because [Petitioner] "failed to stop" his moped when ordered to do so by police and "turned head-on into oncoming traffic to try to evade arrest."

Mem. in Supp. of Mot. to Dismiss 5 n. 1.

[3] Petitioner's argument that the "discovery of new information merits equitable tolling" appears to confuse equitable tolling with § 2255(f)(4). The Court, then, will address Petitioner's "discovery" under both theories.

[4] Petitioner attaches a motion and memorandum raising the argument that he was entitled to a variance due to the pain and suffering he experienced when he was Tasered by police during his apprehension. ECF No. 260. He argues that the motion "is the basis of the main argument in his § 2255 [m]otion." ECF No. 512. His main argument in his § 2255 motion, however, challenges the two-point reckless endangerment enhancement, which was raised in another motion and memorandum filed by his counsel. *See* ECF No. 261.

4

The Court is not persuaded by Petitioner's argument. The motions and memoranda to which Petitioner refer were filed with the Court on May 15, 2008, and have since been part of the Court's record to which Petitioner has had access. ECF Nos. 260 & 261. Petitioner makes no allegation that he was prevented, after a diligent effort, of obtaining the motions filed by his counsel. His only alleged cause for failing to discover the motions is that "counsel never informed him about it." Mot. 4. But Petitioner sent a letter to the Court on January 12, 2009, requesting a list of documents filed. That shows he was aware of the procedure for obtaining documents from the Court,[5] and to not discover before September 2010 that a specific document was filed conflicts with the very definition of diligence. Diligence, at the very least, would include a review of the Court record in his case within a reasonable period of time. *Cf. Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003) (finding that a prisoner could have discovered the factual predicate of his claim with due diligence because of the availability of public sources).

Diligence, moreover, is the common denominator between the equitable tolling and discovery theories raised by Petitioner. Petitioner's failure to act diligently is implied in his allegation that he did not discover the public documents until September 2010, and that implication alone precludes the application of equitable principles in order to toll the limitation period. The Court need not proceed to make a finding regarding the existence of extraordinary circumstances, a condition required by *Holland*.[6] Therefore, the Court cannot find a basis to justify a review of Petitioner's untimely § 2255 motion.

---

[5] At some point, as is evidenced by his arguments and filings, Petitioner indeed obtained the relevant Court records.

[6] However, again, the Court notes Petitioner makes no allegation that he was prevented from reviewing the Court's records.

5

### Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

### Conclusion

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's motion to vacate is time-barred and that no evidentiary hearing is needed.

Based on the foregoing, it is **ORDERED** that Respondent's motion to dismiss be **GRANTED** and that Petitioner's motion to vacate be **DENIED** *with prejudice*.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

July 9, 2012  
Florence, South Carolina